United States District Court
Northern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMIAH MATAU,<br><br>Defendant. | Case No.: CR 07-00211-1-PJH (KAW)<br><br>ORDER OF DETENTION PENDING SUPERVISED RELEASE VIOLATION HEARING |

## I. BACKGROUND

On August 8, 2007, Jeremiah Matau was sentenced to 70 months in custody and three years of supervised release for being a felon in possession of a firearm, a Class C felony. On September 18, 2013, Defendant's probation officer filed a petition alleging that Defendant had violated the conditions of his supervised release on a number of occasions. The alleged violations were: travelling outside the judicial district without prior approval; associating with a convicted felon and members of the Tre Four/Up the Hill Gang; failing to answer his probation officer's inquiries truthfully; failing to permit his probation officer to visit Defendant at any time at home or elsewhere; committing another federal, state, or local crime; failing to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer; and entering the Sunnydale Housing Development without his probation officer's approval. The Duty Judge found probable cause and issued a no bail warrant for Defendant's arrest on September 18, 2013.

Defendant was arrested, and on September 23, 2013, the court held a hearing on the Government's motion to detain Defendant pending his supervised release violation hearing. Defendant was present, in custody, and represented by Marc Zilversmit. Assistant United States Attorney Kevin Lin appeared on behalf of the Government. Probation Officer Octavio Magaña was also present. For the reasons stated below, the court orders that Defendant be detained.

## II. LEGAL ANALYSIS

Defendant's sentence for the Class C felony included a three-year term of supervised release pursuant to 18 U.S.C. § 3583(e)(3). In so ordering, the Court imposed conditions of supervision, including the following standard conditions: Defendant shall not leave the judicial district without the permission of his probation officer; Defendant shall not associate with any person convicted of a felony; Defendant shall answer any inquiries by his probation officer truthfully; Defendant shall permit his probation officer to visit him at any time at home or elsewhere; Defendant shall not commit another federal, state, or local crime; and Defendant shall notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer. The Court also imposed the following special conditions: Defendant shall not associate with any member of the Tre Four/Up the Hill Gang and Defendant shall not enter the Sunnydale or Alice Griffith Housing Developments without the approval of his probation officer and may not loiter unless accompanied by a resident.

Because Defendant is charged with a supervised release violation, Defendant bears the burden of establishing that he is not a flight risk or a danger to the community by clear and convincing evidence. FED. R. CRIM. P. 32.1(a)(6); 18 U.S.C. § 3143. Defendant's underlying conviction was for being a felon in possession of a firearm.

The instant Form 12 contains substantial allegations of numerous violations that occurred over several months. Defense counsel argues that the only federal, state, or local crime alleged in the Form 12 is that of possession of ammunition. He asserts that this violation occurred well over a year ago, in October 2012. He contends that the evidence supporting that allegation is thin. Defense counsel also argues that Defendant, who is a musician, left the judicial district only to perform in concerts and that he has explained to Defendant that he must seek approval prior to leaving the judicial district in the future. Defense counsel indicates that Defendant now understands this requirement very well. Defense counsel also asserts that Defendant's association with a convicted felon was "haphazard" and "accidental," especially in light of the fact that Defendant was supposedly allowed to visit the Sunnydale Housing Development so long as he was accompanied by a resident. During the hearing, the court clarified that the relevant condition

DETENTION ORDER
CR 07-00211-1-PJH (KAW)                                                    2

of release reads:  Defendant "shall not enter the Sunnydale or Alice Griffith Housing Developments without the approval from the probation officer *and* may not loiter unless accompanied by a resident."  Form 12 at 4 (emphasis supplied).  Defense counsel also argues that Defendant is not a flight risk, as his family resides in the judicial district.

During the September 23, 2013 hearing, Probation Officer Magaña reported that Defendant does not have a place to reside upon release.  The last address Defendant provided was that of his former girlfriend.  However, Probation Officer Magaña indicated that upon speaking with Defendant, Defendant confessed that he was not living with his former girlfriend, that he was instead living with his mother, and that he did not give notification of the change sooner because he knew that his probation officer would not allow it.  Probation Officer Magaña also reported that while he and Defendant have previously discussed Defendant's music career and Defendant's desire to travel outside the district to pursue this profession, he has reiterated to Defendant that he is not permitted to travel outside the judicial district without first obtaining permission.  Probation Officer Magaña further indicated that at the beginning of Defendant's supervised release, he informed Defendant that he would have to secure employment or seek training and provided Defendant with resources to that end.

As for Defendant's presence at the Sunnydale Housing Development, Probation Officer Magaña reported that this issue has come up several times in the past and that he has made it clear to Defendant that he is not to enter that development without prior approval.  He indicated that Defendant associates with a resident of that development who is a convicted felon, is on supervised release, and is implicated in a shooting that resulted in a homicide.  Probation Officer Magaña also informed the court that the October 2012 incident relating to Defendant's possession of ammunition may be linked to a different homicide-related shooting that occurred in Seaside, California.

In light of the above, and having considered the proffers by the parties and the probation officer, and the arguments of counsel, the Court finds that Defendant has not established that he is not a risk of flight or a danger to the community by clear and convincing evidence.  Defense counsel's arguments that Defendant needed further clarification or additional guidance as to the

DETENTION ORDER
CR 07-00211-1-PJH (KAW)                              3

conditions of his release are unconvincing.  Defendant has disregarded Probation Officer Magaña's repeated instructions that he not travel outside the judicial district, even if for the purpose of pursuing his music career, and that he not visit the Sunnydale Housing Development without prior approval.  In fact, Defendant has left the judicial district at least 13 times during this year alone and has done so as recently as September 15, 2013.  Defendant has lied to his probation officer, continued to associate with a convicted felon, and may be linked to a homicide-related shooting.

   Therefore, Defendant shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  Defendant shall be afforded reasonable opportunity for private consultation with counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

   IT IS SO ORDERED.

DATED: September 24, 2013

*Kandis Westmore*
KANDIS A. WESTMORE
United States Magistrate Judge

DETENTION ORDER
CR 07-00211-1-PJH (KAW)       4